## Succession of Edward D. Lewis.

The children of parents, domiciled in this State at the time of their decease, no doubt retain the domicil of their parents, and the courts of the State, having jurisdiction of this domicil, have, exclusively, the power of appointing those, who are entrusted with the control of the persons, and the administration of the property of minors so situated; and, as a general rule, the domicil of the minor cannot be changed by a departure of the tutor or the removal of the minor from the State.

The right of expatriation is not questionable in a free country, and that a natural tutor expatriating himself has a right to take his children with him, is still less disputable. 4 M. 716, 717.

We see nothing in the jurisprudence of the State which would prevent a foreign tutor from being recognized as entitled to stand in judgment in all conservatory or administrative measures which the interest of his ward might require. He may provoke by and with the advice of a family meeting and under the sanction of the court, the investment of the funds of the minor, the sale of his property and the reinvestment of its proceeds.

Article 946 of the Code of Practice, appears to have been intended to provide for a case where the minor was not represented, but it is not applicable where the tutor, though a non-resident, is either present or represented.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *M. M. Cohen*, for *F. Albey*, appellant. *J. B. & C. T. Bemiss*, for under tutor.

LEA, J. *Felix Albey*, who resides in France, is appellant from a judgment refusing to recognize him as tutor of the minor, *Mary Annette Lewis*, and to permit him, in his said capacity, to take such steps for the preservation and administration of the estate of said minor, as her interest may require. The state of facts upon which this decree was rendered, so far as they are necessary to an elucidation of the case, are substantially as follows : *Mary Ann Hare*, the mother of the minor, whose tutorship is the subject matter in contestation, married *Edward D. Lewis*, of this city, who died at Nice, in Sardinia, on the 3d September, 1848. The sole issue of this marriage was a posthumous child, born two days after her father's death. Upon her return to New Orleans, Mrs. *Lewis* was appointed and qualified as natural tutrix of her minor child. In 1853, Mrs. *Lewis* married the present applicant, after having obtained the consent of a family meeting, duly homologated, that she should retain the tutorship of her daughter. Her husband resided in France, to which country she removed, taking her daughter with her. She continued to reside in France until the month of September, 1854, when she died, leaving her husband testamentary tutor of her child. It is upon this appointment, duly confirmed by the proper tribunals of the domicil of the deceased, at the time of her death, that the petitioner rests his application to be recognized by the tribunals of this State, so as to enable him to enter upon the administration and control of the assets belonging to his pupil.

This application is resisted on the ground that the father of the minor having been, at the time of his death, a citizen and resident of this city, where his estate is situated, and where his succession was opened, his minor child is also a citizen of the State, and that the courts of France have no power to appoint or confirm a tutor to an American minor, and that the succession of the father being under administration in one of the courts of the State, that tribunal alone has jurisdiction over the person and property of the minor. The first question to be determined in this case is, whether the minor's domicil is in France or Louisiana? The children of parents domiciled in this State, at the time of their decease, no doubt retain the domicil of their parents, and the courts of the State having jurisdiction of this domicil have exclusively the power of appointing those who are intrusted with the control of the persons and the administration of the property of minors so situated; and as a general rule the domicil of the minor cannot be changed by a departure of the tutor or the removal of the minor from the State. But this general rule cannot, in the nature of things, "embrace cases where a parent leaving the State, takes his child along with him." The right of expatriation, as was remarked by *Derbigny*, Justice, in the case of *Delacroix* v. *Boisblanc*, "is not questionable in a free country'" and "that a natural tutor expatriating himself has a right to take his children with him, is still less disputable." 4th Martin 716, 717. The natural tutrix appointed by the court of the original domicil in this case, removed her domicil to France, taking her child with her, and the domicil of the child was changed with that of the mother. She died in France, and her succession was opened there, and the court of the common domicil of both mother and child, appointed a tutor to the minor, in accordance with the terms of the will of the last surviving parent.

This appointment is in every respect legal. The objection that the court of France had no power to appoint a tutor to an American minor, cannot be consistently maintained by courts that are, themselves, daily making appointments of a similar character. The application stands before the court, therefore, in the same light as would a tutor legally appointed to a minor born in France; with all the rights which any foreign tutor would have with reference to property in this State, belonging to his ward. The petitioner in this case asks that he be "recognized as tutor," and that as such, he may be allowed to obtain such orders, decrees, judgments and proceedings, as may be "legal and equitable" and "to the court may seem meet and proper." We do not understand this application as claiming the right to act otherwise than under the orders ef the court, and therefore, of course, in accordance with the laws of the State. The rights of guardians and tutors, deriving their authority from the laws and tribunals of one State, with reference to the property of their wards, situated in another, has been the subject of frequent and inconclusive controversy. Mr. Justice Story's work, on the conflict of laws, contains a compilation of authorities which is, itself, the fruitful source of divergent opinions.

It may be sufficient, therefore, as furnishing a safe and consistent rule of action founded on considerations of expediency and policy, to refer to the precedents of our own jurisprudence. In the case of *Berluchaux* v. *Berluchaux et als.*, 7th La. 547, it was held to be "a doctrine not controverted by the court that the tutor of a minor, deriving his authority from the law of their common domicil, has a right to exercise the actions of his pupil everywhere,"

"the comity of nations recognizing the validity of such an authority." It was <span style="float:right">SUCCESSION OF<br>LEWIS.</span> announced in that case, that had a tutor, duly qualified at the place of the minor's domicil, claimed the right to represent said minor in the proceedings for a partition, such right would have been recognized.

In *Chiappella* v. *Conprey et als.*, 8th La. 86, it was determined that a tutrix residing in France, might sue for and take possession of property situated in Louisiana belonging to the inheritance of her ward, and that such tutrix would be recognized in the courts of this State without confirmation by its tribunals, and that such tutrix might exercise her office by an agent or attorney in fact, residing here; and in accordance with this doctrine, the sum of $11,500 was paid over to the agent of a foreign tutor. In the matter of the succession of *Senac*, the right of a widow, residing in France, to stand in judgment as the representative of her child, was again expressly recognized.

The Act of 1848, p. 97, it is true, is limited in its application to tutors or guardians, residing within the United States; it has, moreover reference to the removal of property from the State; but it is to be observed that the Act appears to have been intended as an enlarging, not as a restrictive statute, and was properly passed for the purpose of quieting all doubts with reference to the question which had divided the opinions of jurists. Be this as it may, we see nothing in the previous or subsequent jurisprudence of the State, which would prevent a foreign tutor from being recognized as entitled to stand in judgment in all conservatory or administrative measures, which the interest of his ward might require. He may provoke by and with the advice of a family meeting, and under the sanction of the court, the investment of the funds of the minor or the sale of his property and the reinvestment of its proceeds. Article 946 of the Code of Practice appears to have been intended to provide for a case where the minor was not represented, but is not applicable, where the tutor, though a non-resident, is either present or represented. In the case of *Monceau* v. *Poydras*, 6th An., Eustis, Chief Justice, held, that in relation to the power of a court to direct the funds of a succession to be retained or remitted for distribution, under the sanction of the tribunals of the domicil of the testatrix, we consider there can be no question. Its exercise is a matter of discretion depending on the circumstances of each case, and on the established comity prevailing between nations in amity with each other; and this doctrine we take to be in accordance with the growing spirit of liberality, which characterizes the modern intercourse of nations. See also *Gravillion* v. *Richards, Executor*, 13th La. R. 293.

We do not wish to be understood as limiting, in any manner, the right which every creditor or party interested, may have to insist upon the appointment of an administrator or curator of an estate, in cases where their interests require such an appointment In the case at bar, the estate appears to be free from debt, and the only interest represented is that which is personal to the minor; we can see no good reason why the tutor of the domicil should be embarrassed by the appointment of a domestic tutor. The under tutor has acted in good faith, and with reference to the proper discharge of his duty. He ought not, therefore, to be condemned personally to pay costs.

It is, therefore, ordered, that the judgment appealed from be reversed and that *Felix Albey* be recognized as the tutor of the minor, *Mary Annette Lewis*, and as such, entitled to represent the interest of said minor in all matters rendered necessary in the administration of the personal interests of said

SUCCESSION OF LEWIS. 2 minor in the succession of her father, subject to the order of the court and to its sanction in all proceedings had herein, and to such requirements as respects the furnishing of security, as the court in its discretion, may impose.

It is further ordered that the costs of these preceedings in both courts be paid by the estate.